**In the Matter of M.S.M., an Alleged Delinquent Child.**

**STATE of Oklahoma and M.S.M., Appellants,**

v.

**Margaret Sue MIRABILE, Appellee.**

**No. 70563.**

Court of Appeals of Oklahoma, Division No. III.

Sept. 12, 1989.

Brenda Oldham, Asst. Dist. Atty., Oklahoma City, for appellant State.

C. Thomas Kite, Oklahoma City, for appellant M.S.M.

Thomas Keith Mirable, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

In *Davis v. Davis*, 708 P.2d 1102 (Okla. 1985), the Oklahoma Supreme Court held an involuntary termination of parental rights could not be effected in a private interparental proceeding based upon the Juvenile Code, 10 O.S.1981 § 1101 et seq. Presumably in response to this decision, the Oklahoma Legislature amended 10 O.S. 1981 § 1130 to provide otherwise. That section now states:

D. A parent or guardian of a child may petition the court to terminate the parental rights of a parent or the parents of a child for any of the grounds listed in paragraphs 1, 2 or 4 of subsection A of this section.[1] A prior finding by a court

---

1. Section A provides:
   The finding that a child is delinquent, in need of supervision or deprived shall not deprive the

parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations:

that a child is delinquent, deprived or in need of supervision shall not be required for the filing of such petition by the parent or guardian.

The potential dangers of legislation allowing a private action under the Juvenile Code are clearly illustrated in the present case. As stated by Justice Opala, the remedies provided in the Juvenile Code are to be "viewed as restricted to public-law contests in which the state may rightly assert an interest qua parens patriae".[2]

Herein the trial court, in an ex parte hearing, granted a mother's petition, filed in a delinquency matter, to *terminate her own rights* to her 15 year old son. The trial court held the hearing without notice to her son, his attorney, or the State of Oklahoma!

The facts are as follows. Son was in military school in Missouri. He was picked up there for acts which if committed by an adult would constitute a felony of tampering in the first degree. Son, with full advice of his counsel, admitted to all the allegations contained in the petition. The Missouri Court found he was a resident of Oklahoma and in need of care and treatment, but that it would be in his best interest for that treatment to be provided in Oklahoma. The court made him a ward of the court, but transferred jurisdiction to Oklahoma County for the purpose of disposition. His mother did not appear at the Missouri hearing.

At the hearing in Oklahoma County, on December 23, 1987, the trial court appointed counsel for Son. The court set the dispositional hearing on the delinquency issue for December 30, 1987. On that day the court continued the hearing until January 27, 1988 at the request of the Juvenile Bureau.

In the interim, Mother filed a Petition for Voluntary Termination of her Parental Rights to Son. That same day the trial court, in an ex parte hearing, granted Mother's request. The order, in pre-printed form, stated: "It is in the bests (sic) interests of the child and the public to accept the natural mother's consent to terminate Parental Rights and to terminate the natural mother's parental rights."

As a result of the termination of parental rights and the lack of notice to Son, his attorney or the State, Son was homeless and without a guardian. The trial court did hold a review hearing on January 15, 1988, but neither the child nor his attorney were given notice of this hearing and thus, were not present. At that time Son was placed in the custody of his maternal grandparents. It was not until after this hearing that the State was made aware of Mother's relinquishment.

On January 28, the State and Son filed a joint motion to rescind the order terminating Mother's rights. At the hearing, the State, through the District Attorney's office, made an impassioned plea to the court to allow it to attempt to help this troubled family. The State argued it had not had an opportunity to offer services to the family in hopes of reuniting it and working out some of the problems. It asked for a chance to offer Son rehabilitation. Son also sought vacation of the termination order.

Finding neither Son nor the State had an interest in the private termination proceeding, the trial court denied their motion. Son and the State appealed to the Supreme Court, and the case was assigned to this division on August 17, 1989.

---

1. Upon a written consent of a parent, including a parent who is a minor, acknowledged as provided in paragraph (4) of Section 60.5 of this title, (adoption statutes), who desires to terminate his parental rights; provided that the court finds that such termination is in the best interests of the child; or
2. A finding that a parent who is entitled to custody of the child has abandoned it; or
. . . .

4. A finding that a parent who does not have custody of the child has willfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity;
. . . .

2. *Davis v. Davis,* 708 P.2d 1102, 1104 (Okla. 1985).

We agree with Son and the State. Once a petition is filed alleging the delinquency of a child, the State assumes the role of parens patriae. As such it has an interest in any proceeding involving the child. Even though, as argued by Mother, these statutes do not mention notice to the State, all parties to any action must be given notice of all hearings.[3]

Mother supports her premises Son was not entitled to notice by comparing her action to a divorce proceeding. However, in a divorce proceeding a child is not a party and not subject to the perils of losing both parents forever. Only his custody is involved. Surely a child is a party to an action to sever his parents' rights, and as a party, he too is entitled to notice.

Under Mother's interpretation of § 1130(D), parents might avoid their legal duty to support and nurture their child by walking into the courthouse and relinquishing their parental rights without notice to the recalcitrant child or to the State of Oklahoma. The State of Oklahoma then would be obligated to assume the awesome responsibility to support and educate that child.

A trial court cannot hold a meaningful hearing on this sensitive issue where only one side of the tale is told. A trial court cannot determine the best interests of a child who is neither present nor represented and who has not had an opportunity to be tested or examined by persons trained to analyze the problems of children *and* their parents. A trial court should not terminate parental rights in any situation without affording all parties the opportunity to present evidence on all issues.

Even though § 1130(D) might be interpreted to authorize a parent to file a petition to terminate his or her own parental rights, certainly the procedural protections of the Juvenile Code must be considered. Otherwise, the Legislature would not have appended that authorization to the Juvenile Code.

While § 1130(D) makes it clear it is not necessary for the court to make a prior finding of delinquency for a parent to file a petition requesting termination of parental rights, once a delinquency petition or adjudication is on file, the State has an inherent interest in the care and custody disposition of the child. 10 O.S.Supp.1988 § 1109(E) specifically states: "The District Attorney shall prepare and prosecute any case or proceeding within the purview of Chapter 51 of this title." The Legislature has not repealed this section.

As in a situation where the State is attempting to terminate the parental rights of a non-consenting parent, the evidence supporting termination must be clear and convincing. *A.E. v. State,* 743 P.2d 1041 (Okla.1987). What disposition should be made of Son must be determined at a hearing when all parties are present and studies have been made as to Son's best interests.

We hold the trial court erred in failing to vacate its ex parte order terminating Mother's parental rights on her own petition without notice to State or to Son. Accordingly, we REVERSE and REMAND with directions to hold a meaningful hearing with notice and an opportunity to be heard given both the State and Son.

BAILEY, C.J., and REYNOLDS, J., concur.

---

**3.** 12 O.S.Supp.1988 § 2005(A); Rule 2, Oklahoma Rules of the District Court; 10 O.S.1981 §§ 1104, 1105, 1606.